UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA D. JONES,

   Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT,

   Defendant.

CASE NO. 2:21-cv-11226

## COMPLAINT

**NOW COMES** Brenda D. Jones ("Plaintiff"), by and through her undersigned counsel, complaining as to the conduct of Midland Credit Management, Inc. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and the Michigan Occupational Code ("MOC") pursuant to M.C.L. §339.901 *et. seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Eastern District of Michigan, Defendant conducts business in the Eastern District of Michigan,

1

and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Michigan

## PARTIES

5. Plaintiff is a consumer and natural person over 18-years-of-age, who at all times relevant, resided in this District.

6. Defendant is a debt collection agency with its principal place of business located at 350 Camino De La Reina, Suite 300, San Diego, California 92108.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as its principal business purpose is the collection of defaulted debts owed to others.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insures at all times relevant to the instant action.

## FACTUAL ALLEGATIONS

9. On July 30, 2018, Plaintiff opened a credit card account with Credit One Bank with a credit limit of $500 ("subject debt").

10. Due to unforeseen financial hardships, Plaintiff was unable to meet her obligation with Credit One Bank and the subject debt fell into default status in 2018.

11. Shortly thereafter, Defendant acquired the rights to collect upon the subject debt after it was in default.

12. In or around May 2020, Defendant began to placing collection calls to Plaintiff's cellular phone number, (312) XXX-8209, in an attempt to collect the subject debt.

13. In early May 2021, Plaintiff answered a phone call from Defendant and disputed the subject debt as Defendant was attempting to collect over $700. In that call, Plaintiff requested Defendant to send her only written communications and to cease calling her cellular phone.

14. Furthermore, Plaintiff explained a personal family situation that arose and caused her to fall behind on payments on the subject debt.

15. Unfortunately, notwithstanding Plaintiff's request for the calls to cease, Plaintiff continued to receive frequent unwanted collection calls from Defendant.

16. Defendant has placed no less than 30 unwanted and unconsented to collection calls to Plaintiff, with multiple calls in one day, on back to back days, and on weekends.

17. Defendant has used multiple phone numbers to contact Plaintiff, including, but not limited to (947) 333-0118, (602) 666-5626, (540) 546-0055, (480) 866-1053, (844) 923-2304, (623) 633-7189, (844) 923-4588, (844) 923-4583 and (402) 666-5626.

18. Upon information and belief, Defendant may have used multiple other phone numbers to place phone calls to Plaintiff's cellular phone number without her consent.

## DAMAGES

19. Defendant's harassing and abusive conduct has severely impacted Plaintiff's daily life and general well-being.

20. Plaintiff has expended time and incurred costs consulting with her attorney as a result of Defendant's harassing and abusive actions.

21. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

22. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon

and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited phone calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff restates and realleges paragraphs 1 through 22 as though full set forth herein.

24. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

25. The debt on which Defendant was attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) because it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

26. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

    a. **Violations of FDCPA §1692c**

27. Defendant violated 15 U.S.C. § 1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after she demanded that it cease calling her was harassing and abusive. Even after being told to stop calling her, Defendant continued calling with the specific goal of abusing Plaintiff into making a payment on the subject debt.

28. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her. Despite its actual knowledge, Defendant continued to place calls to Plaintiff's cellular phone without her consent.

### b. Violations of FDCPA §1692d

29. Defendant violated §1692d by engaging in abusive and harassing conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing calls after Plaintiff demanded Defendant stop calling her.

30. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Furthermore, Defendant continued to place these calls after Plaintiff informed Defendant its calls were not welcome. Specifically, Defendant placed or caused to be placed at least 30 harassing phone calls to Plaintiff's cellular telephone from May 2021 through the present day without her consent.

**WHEREFORE** Plaintiff, BRENDA D. JONES, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 339.901(f).

33. Defendant is a "collection agency" as defined by M.C.L. § 339.901(b) as it is a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.

34. The subject debt is a "[c]claim" or "debt" as defined by M.C.L. § 339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

    a. **Violations of M.C.L. § 339.915(n)**

35. The MOC, pursuant to M.C.L. § 339.915(n) prohibits a collection agency from "causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

36. Defendant violated M.C.L. § 339.915(n) when it continued to call Plaintiff repeatedly after she informed Defendant that its calls were unwanted and that she preferred all communications be sent by mail.

**WHEREFORE**, Plaintiff BRENDA D. JONES respectfully requests that this Honorable Court:
    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;
    b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 339.916(1);
    c. Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2);
    d. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2);
    e. Enjoining Defendant from further contacting Plaintiff; and
    f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

| | |
|---|---|
| Dated: May 26, 2021 | Respectfully submitted, |
| | /s/ Marwan R. Daher |
| | /s/ Omar T. Sulaiman |
| | Marwan R. Daher, Esq. |
| | Omar T. Sulaiman, Esq. |
| | *Counsel for Plaintiff* |
| | Sulaiman Law Group, Ltd. |
| | 2500 S Highland Ave, Suite 200 |
| | Lombard, IL 60148 |
| | Telephone: (630) 575-8181 |
| | mdaher@sulaimanlaw.com |
| | osulaiman@sulaimanlaw.com |